**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 16-81584-CIV-MIDDLEBROOKS/BRANNON

SREAM, INC., a California corporation,

      Plaintiff,

v.

PB GROCERY, INC., OF PALM BEACH,
a Florida corporation,

      Defendant.

_____/

**MOTION AND MEMORANDUM OF LAW TO DISMISS COMPLAINT
FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM**

      Defendant, PB Grocery Inc. of Palm Beach ("PB Grocery" or "Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 6 (b) and Local Rule 7.1 (a)(1)(J), hereby moves to dismiss Plaintiff Sream, Inc.'s ("Sream" or "Plaintiff") Complaint and all of its counts for lack of standing and for failure to state a claim and sets forth as follows:

**SUMMARY OF THE ARGUMENT**

      Plaintiff has filed a complaint based on an alleged exclusive license to three marks from an entity called RooR. However, the three marks at issue are not registered to RooR and nowhere does the complaint allege how or if RooR obtained the right to license the mark from the registered owner. Plaintiff has made admissions that it sells product in Florida under a fictitious name but has failed to comply with the applicable Florida statutes. Thus, Plaintiff's use in Florida constitutes unlawful use and cannot serve as a basis for trademark claims arising from its rights at common law in Florida. For these reasons the Complaint should be dismissed in its entirety.

**RELEVANT FACTS**

      On September 14, 2016, the Plaintiff filed a complaint against Defendant with no prior notice

claiming trademark infringement pursuant to 15 USC § 1114, trademark counterfeiting pursuant to 15 USC § 1116, unfair competition pursuant to 15 USC § 1125(a), Florida Deceptive and Unfair Trade Practice's Act ("FDUPTA").  [DE#1]  All the counts are based on the alleged sale of infringing and/or counterfeit ROOR branded products by Defendant.

Plaintiff claims that it has the rights to the trademark ROOR by exclusive license from an entity which it does not define but merely refers to as RooR.  *Id.  at ¶* 11.  Plaintiff claims that it "conducts business in the State of Florida" under the name "RooR USA."  *Id.  at ¶* 6.

Plaintiff claims that it manufactures and sells RooR products in the United States subject to its license with RooR.  Plaintiff defines the marks that have been licensed to it and pursuant to which it is claiming infringement as:

> a. U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034.
>
> b. U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034.
>
> c. U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international class 021.

*Id.  at ¶* 12

Plaintiff also claims rights pursuant to "Common law and unregistered state law rights in the following variants of the RooR marks" but no variant marks are listed.  *Id.*

## ARGUMENT

### I.   *Standard of review on motion to dismiss.*

A motion to dismiss for lack of standing pursuant to 12(b)(1) goes to the jurisdiction of the court to hear the case.  Litigants in federal court must have **standing** in order to be able to bring a claim.  *Fed. Deposit Ins. Corp. v. Morley,* 867 F.2d 1381, 1386 (11th Cir. 1989) (J. Torres)(citing

*Valley Forge Christian College v. Am. United for Separation of Church and State,* 454 U.S. 464, 471, (1982)).  An actual or threatened injury sufficient to meet Article III case-or-controversy "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id. quoting Warth v. Seldin,* 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).  The Complaint must set forth such rights.

A motion to dismiss pursuant to federal rule 12(b)(6) tests whether the Plaintiffs have stated a cause of action.  *Baker v. Fender*, 614 So.2d 14 (Fla. 3d DCA 1993); *Augustine v. Southern Bell Tel. & Tel. Co.*, 91 So.2d 320 (Fla.1956); *Royal & Sunalliance v. Lauderdale Marine Center*, 877 So. 2d 843, 845 (4th DCA 2004); *Regis Ins. Co. v. Miami Management, Inc.*, 902 So. 2d 966 (4th DCA 2005); *Solorzano v. First Union Mortgage Corp.*, 896 So. 2d 847 (4th DCA 2005).  The function of such a motion is to raise as a question of law the sufficiency of the facts alleged to state a cause of action and to test the legal sufficiency of the claim.  *See generally*, *Royal & Sunalliance*, 877 So. 2d at 845.

A court must view the complaint in the light most favorable to the plaintiff and assume the veracity of **well-pleaded** factual allegations.  *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  However, the Court need make no such assumption as to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic rec-itation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When determining the merits of a motion to dismiss, the trial court's consideration is generally

limited to the four corners of the complaint.  *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So.2d 204 (Fla. 3d DCA 2003).  However, a court will also look to the exhibits attached to the complaint to determine if allegations in the complaint are consistent with specific facts revealed in an exhibit attached to the complaint or referred to therein. *See, e.g., Harry Pepper & Assocs., Inc. v. Lassiter, 247 So. 2d 736, 736 (Fla. 3d DCA 1971).*

II.     *Plaintiff fails to show standing by failing to state an interest in the trademarks at issue.*

To have a legally protectable interest in a trademark, a party must own the mark at the time of filing.  *See Visa U.S.A. Inc. v. First Data Corp.*, No. C 02-01786 JSW, 2006 U.S. Dist. LEXIS 18482, 2006 WL 516662, at *7-8 (N.D. Cal. Aug. 16, 2005)  (plaintiff "could not have suffered a cognizable injury under Article III because it did not maintain an enforceable right in the trademark it sought to protect"); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 777-79 (Fed. Cir. 1996), *amended on other grounds by Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 104 F.3d 1296 (Fed. Cir. 1996) (reversing district court's denial of a motion to dismiss for lack of standing because assignment of trademark rights executed after the suit commenced but whose effective date was before the filing was "not sufficient to confer standing . . . retroactively").

Plaintiff's Complaint is based on allegations of infringement which all arise from an alleged license by an entity called RooR to Plaintiff to the exclusive use of US Trademark registrations numbers 3,675,839, 2,307,176 and 2,235,638.  These registrations, which Plaintiff does not attach to the Complaint, are not in the name of an entity named RooR, however, but in the name of Martin Birzle, an Individual citizen of the Federal Republic of Germany said to reside at Am Rosengarten 3 Frankenthal Fed Rep Germany 67227.  *See the USPTO record, assignment page and certificate for registration 3,675,839 Exhibit A1, registration 2,307,176 Exhibit A2 and registration 2,235,638 Exhibit*

4

*A3*.[1]   There is no assignment recorded with the USPTO and no license or assignment from the trademark owner pled in the Complaint.  *Id.*  Whether Plaintiff has authority from the actual trademark owners through some chain of authority is not alleged in the Complaint and goes to whether Plaintiff has standing to bring this lawsuit.  *Aceto Corp. v. TherapeuticsMD, Inc*., 953 F. Supp. 2d 1269, 1285 (S.D. Fla. 2013)[Marra](dismissing complaint where no interest in the mark adequately alleged in the complaint).  Accordingly, Plaintiff has failed to plead a cause of action for infringement of these marks and has failed to show standing.

The Complaint should be dismissed.[2]

### III.    *Plaintiff's suit is barred by Florida Statutes §607.1502.*

Its federal claims under the Lanham Act having failed for failure to show any authority from the trademark owner, the Plaintiff's Complaint cannot survive to pursue state rights under diversity. The Complaint is barred due to Plaintiff's failure to comply with the "door closing" provision in Florida Statutes §607.1502.  Before filing suit, a company that conducts business in the State of Florida, as Plaintiff has alleged in paragraph 6 of its Complaint, must first obtain a certificate of authority from the Florida Department of State.  *Lawson Prods., Inc. v. Tifco Indus., Inc*., 660 F. Supp. 892, 893 (M.D. Fla. 1987). That court found that it was "well-settled that a state's door closing statute applies in a federal diversity suit."  Id. (*citing Woods v. Interstate Realty Co*., 337 U.S. 535, 538, 69 S. Ct. 1235, 93 L. Ed. 1524 (1949) ("for purposes of diversity jurisdiction a federal court is 'in effect,

---

[1] Although the USPTO trademark information and certificate for these marks are not attached to the Complaint the Court can take judicial notice of a federal trademark registrations.  *It's a 10, Inc. v. Beauty Elite Grp., Inc.,* No. 13-60154-CIV, 2013 U.S. Dist. LEXIS 179596, at *35 (S.D. Fla. Dec. 23, 2013); *Food Mktg. Merch. v. Cal. Milk Processor Bd.*, No. 15-cv-1758 (LAK), 2015 U.S. Dist. LEXIS 69010, at *2 n.2 (S.D.N.Y. May 7, 2015)(taking judicial notice of USPTO database records).

[2] The Honorable Judge Darrin P. Gayles recently denied leave to amend and dismissed the complaint filed by Roor mirroring the claims in this complaint by Sream.  *See Roor v. Grateful J's, Inc.,* 16-cv-61427 (June 2016).

only another court of the State.'"")).

Plaintiff alleges in the complaint that it has conducted business in the state of Florida.  [DE#1 at ¶ 6]   However, Sunbiz does not show that Plaintiff has ever registered to do business in the state. *See Exhibit B SUNBIZ search for Sream on entity list.*[3]  Based on the foregoing, the court cannot entertain this suit on grounds of diversity now that the Lanham Act claims have been shown defective and the state law claims should be dismissed.

### IV.     *Plaintiff's trademark claims in Florida are barred by the "unlawful use doctrine".*

"Use in commerce" means "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 USC § 1127. Trademark rights, either at common law or under the Lanham Act, are acquired and maintained only by lawful use.  *Cameo, Inc. v. Plough, Inc*., No. C73-177, 1975 U.S. Dist. LEXIS 14527, at *10 (N.D. Ohio Jan. 3, 1975); *See also Universal Mfg. Co. v. Douglas Press, Inc*., No. 89 C 3354, 1992 U.S. Dist. LEXIS 7231, at *1 (N.D. Ill. May 14, 1992).  To assert trademark protection, the prior use upon which the trademark registration was based must have been lawful.  *Erva Pharmaceuticals, Inc. v. American Cyanamid Co.*, 755 F.Supp. 36, 39 (D. Puerto Rico 1991)(unlawful use has its origins in the common-law doctrine of unclean hands). Trademark rights are acquired and maintained only by lawful use. *Universal Mfg. Co. v. Douglass Press*, 1992 WL 106822 at *2. "The registration of a mark that does not meet the use requirement is void ab initio." *Id*. (holding that Airflite's registered service mark registered 30 years' prior was void because Airflite never met the use requirement when registered).

Plaintiff alleges in the Complaint that it has conducted business in Florida under the fictitious name "RooR USA." [DE#1 ¶ 6]   However, SUNBIZ reveals that no such fictitious name has ever

---

[3]  The Court can take judicial notice of "Florida Department of State, Division of Corporations, [records] available at sunbiz.org."  *Sziranyi v. Dunn*, No. 07 CV 21762 (SJ), 2009 U.S. Dist. LEXIS 128536, at *8 (S.D. Fla. Sep. 30, 2009)[Johnson].

been registered in state.  *See Exhibit C SUNBIZ fictitious name search for RooR.*[4]  Florida Statutes §

865.09(3) specifically provides that "A person may not engage in business under a fictitious name

unless the person first registers the name with the division by filing a sworn statement."  Subsection

9(c) states that a violation of the statute constitutes "a misdemeanor of the second degree, punishable

as provided in s. 775.082 or s. 775.083."  By failing to comply with this statute, and with Florida

Statutes § 607.1501 as described above, Plaintiff, if it has any rights to the marks at all, has engaged

in unlawful use of the mark in Florida commerce and has no rights to assert rights in Florida.  *See*

*e.g.*, *Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185, 190 (S.D.N.Y. 2007) ("The unlawful use

defense—which has its origins in the common law doctrine of 'unclean hands'—is therefore a way

of preventing the government from having to extend the benefits of trademark protection to a seller

who violates that government's laws."); *Clorox Co. v. Armour-Dial, Inc.*, 214 U.S.P.Q. 850, 851

(T.T.A.B. 1982) (holding that "'use in commerce' means a 'lawful use in commerce'"); *CreAgri, Inc.*

*v. USANA Health Scis., Inc.*, 474 F.3d 626, 628 (9th Cir. 2007) ("in order to acquire priority, a 'use in

commerce' means a lawful use—here, a use compliant with federal labeling requirements"); *In re*

*Midwest Tennis & Track Co.*, 29 U.S.P.Q.2d 1386, n.2 (T.T.A.B. 1993) ("It is settled that the Trade-

mark Act's requirement of 'use in commerce,' means a 'lawful use in commerce,' and [that the sale

or] the shipment of goods in violation of [a] federal statute … may not be recognized as the basis for

establishing trademark rights."); *Coahoma Chem. Co. v. Smith*, 113 U.S.P.Q. 413 (Comm'r Pats.

1957) (holding that "use of a mark in connection with unlawful shipments in interstate commerce is

not use of a mark in commerce which the Patent Office may recognize" and ordering cancellation of

registrations where shipments using the registered mark violated the Federal Economic Poisons Act),

*aff'd*, 264 F.2d 916 (C.C.P.A. 1959).  This together with Plaintiff's violation of Florida Statute §

---

[4] The Court may take judicial notice of SUNBIZ records.  *See footnote* 3.

607.1501 shows that Plaintiff has no common-law or Lanham Act rights to the mark upon which to base this suit.

While it is true that district courts give leave to amend freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Muhammad v. JPMorgan Chase Bank, N.A.*, 567 Fed. Appx. 851, 853-54 (11th Cir. 2014) (upholding denial of leave to amend complaint as futile and citing to *Cockrell v. Sparks*, 510 F. 3d 1307, 1310 (11th Cir. 2007)).  In the instant case, leave to file an amended complaint would be futile because Plaintiff cannot show lawful use in Florida commerce at any time prior to or even after filing the complaint.

Because there is no way that Plaintiff can cure the unlawful use, particularly as to prior acts, the complaint should be dismissed with prejudice.

**CONCLUSION**

WHEREFORE, Defendant, PB Grocery Inc. of Palm Beach, respectfully requests that the Court dismiss the complaint in its entirety.

Respectfully submitted,

**ESPINOSA TRUEBA MARTINEZ, P.L.**

By: */s/Jorge Espinosa*
        Jorge Espinosa
        Florida Bar No.  779032
        Jespinosa@etlaw.com
        Robert R. Jimenez
        Florida Bar No.  72020
        rjimenez@etlaw.com
        1428 Brickell Avenue
        Suite 100
        Miami, FL 33131
        Tel:  305-854-0900
        Fax:  855-854-0900

        *Counsel for Defendant*
        *PB Grocery Inc. of Palm Beach*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/Jorge Espinosa*
        Jorge Espinosa

<u>**SERVICE LIST**</u>
*Sream, Inc. v. PB Grocery, Inc. of Palm Beach*
Case No. 16-cv-81584-MIDDLEBROOKS/Brannon
In the United States District Court for the Southern District of Florida

Jorge Espinosa, Esq.
E-mail: jespinosa@etlaw.com
Robert R. Jimenez, Esq.
E-mail: rjimenez@etlaw.com
**ESPINOSA TRUEBA MARTINEZ, PL**
1428 Brickell Avenue
Suite 100
Miami, FL 33131
Tel: (305) 854-0900
Fax: (855) 854-0900
*Attorneys for Defendant*
**Via CM/ECF**

Jamie Alan Sasson, Esq.
Serv513@LegalBrains.com
**THE TICKTIN LAW GROUP, PLLC**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Tel: (954) 570-6757
Fax: (954) 570-6760
*Attorney for Plaintiff*
**Via CM/ECF**