UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 16-cv-81584-MIDDLEBROOKS

SREAM, INC.,

    Plaintiff,

v.

PB GROCERY, INC., OF PALM BEACH,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant PB Grocery, Inc., of Palm Beach's ("PB Grocery") Motion to Dismiss ("Motion"), filed on January 26, 2017. (DE 17). Plaintiff Sream, Inc. ("Sream") filed a Response on February 9, 2017 (DE 18), to which Plaintiff replied on February 13, 2017 (DE 19). For reasons stated below, PB Grocery's Motion is granted.

### I. BACKGROUND

According to the Complaint, RooR is a designer and manufacturer of glass products, including water pipes.[1] (DE 1 ¶ 8). The Complaint alleges that RooR is the "exclusive owner" of U.S. Trademark Registration Nos. 3,675,839, 2,307,176, and 2,235,638, in addition to certain unspecified common law and unregistered state law rights in "variants of the RooR marks" (collectively, the "RooR Marks").

Plaintiff Sream is a corporation, incorporated in the State of California, which conducts business in the State of Florida as "Roor USA." (DE 1 ¶ 6). Sream is the "exclusive licensee" of the RooR Marks in the United States, and has been granted all enforcement rights. (DE 1 ¶¶ 11, 16).

---

[1] The Complaint does not allege RooR's full business name, place of incorporation, or place of business.

Defendant PB Grocery engages in business in Florida, including, allegedly, the retail sale of counterfeit RooR-branded water pipes in Palm Beach County, Florida. (DE 1 ¶¶ 5, 7). According to the Complaint, on January 12, 2016, PB Grocery sold a water pipe with a fake RooR Mark. (DE 1 ¶ 20; DE 1-1 at 1).

On September 14, 2017, Sream filed the instant Complaint, alleging (1) trademark infringement in violation of 15 U.S.C. § 1114 of the Lanham Act ("Count I"), (2) trademark counterfeiting in violation of 15 U.S.C. § 1116 of the Lanham Act ("Count II"), (3) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a) of the Lanham Act ("Count III"), and (4) unfair and deceptive acts in violation of Fla. Stat. § 501.204, Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") ("Count IV").

## II. LEGAL STANDARD

### a. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a claim when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A party can move to dismiss a claim under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. *McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations and citations omitted). By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using extrinsic evidence, such as affidavits or testimony. *McElmurray*, 501 F.3d at 1251. The burden for establishing federal subject matter jurisdiction rests with the party bringing the complaint. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

### b. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of

3

entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

### III. DISCUSSION

PB Grocery moves to dismiss Counts I, II, and III of the Complaint with prejudice under Rule 12(b)(1) for failure to allege standing, and Count IV under Rule 12(b)(6) as barred by Fla. Stat. § 607.1502. Alternatively, PB Grocery moves to dismiss the entire Complaint with prejudice pursuant to the unlawful use doctrine.

#### a. Standing

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "[The Constitution] limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). The doctrine of standing defines the categories of "Cases" and "Controversies" to those that are "appropriately resolved through the judicial process." *Id.* at 560. The first element of standing is an "injury in fact," which requires "an invasion of a legally protected interest." *Id.*

Absent legal title to a registered trademark, a plaintiff lacks the legally protected interest necessary to establish standing to bring a trademark claim under the Lanham Act. *Florida VirtualSchool v. K12, Inc.,* 735 F.3d 1271, 1273 (11th Cir. 2013) ("To bring a trademark infringement claim under the Lanham Act, a plaintiff must hold a valid trademark."); *see also Gaia Techs., Inc. v. Reconversion Techs., Inc.,* 93 F.3d 774, 780 (Fed. Cir. 1996), *amended on reh'g in part,* 104 F.3d 1296 (Fed. Cir. 1996) ("Absent legal title of the Intellectual Property, [the plaintiff]

4

lacked standing to bring the [] registered trademark claims against the defendants."). "Trademarks, like other personal property, may be conveyed from the . . . registrant [] to others." *Id.* at 777; *see also* 15 U.S.C. § 1060. Accordingly, the assignee of a trademark at the time a suit is filed has standing to bring a trademark infringement claim under the Lanham Act. *See Gaia Techs., Inc.*, 93 F.3d at 777. Furthermore, "a truly exclusive licensee, one who has the right even to exclude his licensor from using the mark[,] is equated with an assignee" for the purpose of bringing suit to enforce the mark. *Fin. Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 531-32 (7th Cir. 1998). Therefore, if the Complaint sufficiently alleges that Sream held the rights to the RooR Marks as exclusive licensee at the time the suit was filed, Sream has standing to sue for trademark infringement under the Lanham Act. *See Gaia Techs., Inc.*, 93 F.3d at 777.

PB Grocery argues that RooR does not have authority to convey a valid exclusive license to Sream. Although Sream alleges that RooR owns the three federally-registered RooR Marks, PB Grocery argues that the United States Patent and Trademark Office ("USPTO") registrations for the Marks list Martin Birzle, not RooR, as the registrant and owner. (DE 17-1; DE 17-2; DE 17-3). Because the USPTO registrations contradict the facts alleged in the Complaint, PB Grocery argues, Sream bears the burden of producing proof that Martin Birzle assigned his interest to RooR to support its allegations of jurisdiction.

Sream responds that (1) the Court cannot consider the USPTO registrations at the motion to dismiss stage, and (2) the Court must take its allegations of RooR's ownership as true. As to Sream's first argument, in resolving a motion to dismiss, a court may consider materials subject to judicial notice without converting the motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999); *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1289 n.10 (11th Cir. 2010); Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). Federal Rule of Evidence 201 permits courts to

5

take judicial notice of "a fact that is not subject to reasonable dispute because it[] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[M]atters of public record," whose accuracy cannot be reasonably questioned, may be judicially noticed. *Bryant*, 187 F.3d at 1277-78. Accordingly, the Court may consider the USPTO registrations, which are matters of public record, maintained by the government, and relied on by Sream as the basis of its allegations, in considering a motion to dismiss. *See, e.g., It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-60154-CIV, 2013 WL 6834804, at *12 (S.D. Fla. Dec. 23, 2013) (holding federal trademark registrations are susceptible to judicial notice); *Bryant*, 187 F.3d at 1277-78 ("Because the reasoning behind converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment is to require that the nonmovant receive notice of the movant's submissions in order to address their relevance, where those submissions are publicly filed, and indeed where the plaintiff has relied on them in framing the complaint, the necessity of notice is largely dissipated.").

As to Sream's second argument, on a factual attack on a complaint, a court need not presume the truthfulness of a plaintiff's allegations. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) ("Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ."). "[A] factual attack . . . disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, PB Grocery disputes RooR's ownership of the federally-registered RooR Marks. Because PB Grocery has challenged the factual basis for Sream's jurisdiction with evidence of the USPTO registrations, Sream must come forward with "competent proof" to support its allegations of jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Accordingly, the Court need not take Sream's allegation that RooR owns the RooR Marks as true.

According to the USPTO registrations for the three federally-registered RooR Marks, asserted in the Complaint,[2] Martin Birzle, not RooR, is the registrant and owner of the marks at issue. (DE 19-1; DE 19-2; DE 19-3). As of February 24, 2017, no assignments of these three Marks were recorded on the USPTO's registry.[3] In addition, Sream has failed to come forth with any proof that Martin Birzle transferred his interest to RooR.[4] Accordingly, Sream has failed to establish that it has a valid exclusive license from the owner of the federally-registered RooR Marks, as necessary to establish standing to assert its Lanham Act claims. Because Sream has not supported its burden of establishing subject matter jurisdiction exists, Counts I, II, and III are dismissed.

### b. Fla. Stat. § 607.1502

PB Grocery argues that if Sream lacks standing to assert its federal claims, then Sream's remaining state law FDUTPA claim is before the Court on diversity jurisdiction and barred by Fla. Stat. § 607.1502, Florida's "door closing" provision. Fla. Stat. § 607.1502 provides that "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." According to PB Grocery, Sream is not listed on the Florida Department of State's public registry of

---

[2] Although the Complaint states that the three federally-registered RooR Marks are a "non-exhaustive" list, no other trademarks are asserted in the Complaint with sufficient specificity to form the basis of Sream's claim.

[3] The USPTO Trademark registry is available online at www.uspto.gov/trademark.

[4] Sream argues that "[i]f the Court wishes to entertain matters outside the Pleadings that the Defendant has presented, this Motion should more appropriately be categorized as a Motion for Summary Judgment and adequate time should be given to the Plaintiff to allow Plaintiff the ability to present all the information and material that would be pertinent to a Motion for Summary Judgment." (DE 18 at 3). To the extent Sream requests an extension of time to produce competent proof of jurisdiction, or a hearing, Sream's request is denied. Although jurisdictional discovery and a hearing may be necessary to resolve a factual dispute on jurisdiction where the facts are within the defendant's control or are particularly complicated, neither situation applies here. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

companies with a certificate to transact business in Florida.[5] (DE 17-4). Sream concedes that it is not registered to transact business in Florida,[6] but argues that Florida's "door closing" provision does not apply because its Lanham Act claims give rise to federal question jurisdiction.

Although state "door closing" statutes do not bar federal question claims, they do bar claims based on diversity jurisdiction. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949). Because the Court has dismissed Sream's Lanham Act claims for lack of standing, diversity jurisdiction sustains Sream's remaining state law claim. *See Lyon v. Quality Courts United, Inc.*, 249 F.2d 790, 794 (6th Cir. 1957); *cf. Gaia Techs*, 93 F.3d at 781 ("The district court may not, however, exercise supplemental jurisdiction if there was no federal jurisdiction at the outset; for example, if all of the federal claims are dismissed for lack of standing, there is no Article III case or controversy and § 1367 does not apply."). Since diversity forms the basis for this Court's jurisdiction over Sream's state law claim, Florida's "door closing" statute bars Sream from bringing a claim without a certificate of authority to transact business in the State of Florida. *See, e.g., Lawson Prod., Inc. v. Tifco Indus., Inc.*, 660 F. Supp. 892, 893 (M.D. Fla. 1987) (holding, in diversity case, that defendant must comply with Fla. Stat. § 607.1502 to maintain its suit). Accordingly, Count IV is dismissed without prejudice. *See* Fla. Stat. § 607.1502 (permitting failure to obtain a certificate of authority to be remedied after an action has been filed).

---

[5] The Court may take judicial notice of the Florida Department of State's business registry for the same reasons it may take judicial notice of the USPTO registrations. *See, e.g., Sziranyi v. Allan R. Dunn, M.D., P.A.*, No. 07 CV 21762 (SJ), 2009 WL 6613675, at *2 n.2 (S.D. Fla. Sept. 30, 2009), *aff'd*, 383 F. App'x 884 (11th Cir. 2010) (taking judicial notice of Florida Department of State, Division of Corporations, available at sunbiz.org).

[6] Although Sream states that it "is in the process of registering," it has not requested a stay of proceedings until its registration is complete, as permitted by Fla. Stat. § 607.1502(3). Nor has Sream alerted the Court as to whether it has since obtained the requisite certificate of authority to maintain its FDUTPA claim.

### c. Unlawful Use Doctrine

Because the Court has dismissed Sream's Complaint in its entirety, it need not determine whether PB Grocery's affirmative defense of unlawful use applies based on the face of the Complaint. *See Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g*, 764 F.2d 1400 (11th Cir. 1985) ("[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint."). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

(1) PB Grocery's Motion to Dismiss (DE 17) is **GRANTED.**

(2) The Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE.**

(3) The Clerk of Court shall **CLOSE this case** and **DENY all PENDING MOTIONS as moot.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 28 day of February, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record